IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY BOWERS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 13-cv-1531 (GMS) |
| CITY OF WILMINGTON, DEPARTMENT OF POLICE, | ) ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM**

### I. INTRODUCTION

Plaintiff, Anthony Bowers ("Bowers"), filed this action *pro se* against the defendant, the City of Wilmington, Department of Police ("City of Wilmington"), seeking injunctive relief as well as back pay and other compensatory damages. (D.I. 1 at 5.) Presently before the court is the City of Wilmington's motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and to dismiss state law claims for failure to exhaust administrative remedies. (D.I. 6 at 2.)

For the reasons that follow, the City of Wilmington's motion to dismiss Bowers' state law claim for failure to exhaust administrative remedies is granted. The motion to dismiss Bowers' claims for failure to state a claim upon which relief can be granted is denied.

### II. BACKGROUND

Bowers alleges that he was unlawfully discriminated against in violation of the Civil Rights Act of 1866, 42 U.S.C. 1981. (D.I. 1 at 4.) Bowers states that he was a police officer with the Wilmington Police Department for three years before he was transferred to the Detective Division

in 2002. (*Id.* at 2.) After three years as a detective, Bowers claims that he was transferred to a U.S. Marshall Task Force, where he worked until September 2011. (*Id.*) At the conclusion of Bowers' service in the Task Force, he was not returned to the detective division, but was instead assigned to Patrol Division on September 5, 2011. (*Id.*) Bowers alleges that he was assigned to Patrol Division because the department and City of Wilmington were discriminating against him because of his race. (*Id.* at 3.)

To support his theory, Bowers alleges the department's prior practice was for detectives who complete special assignments, such as the Task Force, were to be returned to the detective Division upon completion of the assignment. (*Id.* at 2.) He claims that five white detectives who had recently been assigned to different task forces were returned to the Detective Division upon completion of their special assignments. (*Id.*) Bowers further alleges that even after he was informed that he would be returned to Patrol Division because there were no Detective positions available, a white officer was returned from a special assignment to the Detective Division. (*Id.*) Further, Bowers alleges that the Detective Division is currently comprised of twenty-two officers only one of whom is black. (*Id.*)

The City of Wilmington, Department of Police has filed its motion to dismiss under Rule 12(b)(6), arguing that the Wilmington Police Department is not a separate juridical entity from the City of Wilmington and is not subject to suit. (D.I. 6 at 9.) The City of Wilmington also argues that Bowers cannot be granted relief under § 1981 because it does not apply to state actors. (D.I. 10 at 6.) Finally, the City of Wilmington asserts that Bowers' state law discrimination claim should be dismissed because Bowers has failed to produce any evidence that he exhausted his administrative remedies within the statute of limitations. (D.I. 6 at 13.)

In his answer, Bowers agrees that the Wilmington Police Department is not a separate

2

entity subject to suit, and claims that the Complaint was filed against the City of Wilmington. (D.I. 9 at 1.) Further, Bowers states that he can clarify this matter in an Amended Complaint. (*Id.*) Bowers also claims in his reply brief that he brought the cause of action under § 1981 through §1983 and his claim should not be dismissed. (*Id.* at 3.) Finally, Bowers concedes that his claims under 19 *Del. C.* § 711 must be dismissed. (*Id.* at 1.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading standard is plausibility. *See Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The "complaint must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Pro se complaints, "however inartfully pleaded, . . . . are held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where

3

the plaintiff is a *pro se* litigant, the court "has an obligation to construe the complaint liberally." *Gadson v. City of Wilmington Fire Dep't*, 478 F. Supp. 2d 635, 639 (D. Del. 2007). *Pro se* complaints may be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Hamilton v. Civigenics*, 2005 WL 418023, at *2 (D. Del. Feb. 22, 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## IV. DISCUSSION

### A. Failure to Exhaust Administrative Remedies

A plaintiff may not file a Title VII suit in federal court without first exhausting all avenues for redress at the administrative level, pursuant to 42 U.S.C. § 2000e–16(c). *See Francis v. Mineta*, 505 F.3d 266, 272 (3d Cir. 2007); *Doe v. Winter*, 2007 WL 10741206 (M.D. Pa. Apr. 5, 2007). This prerequisite, akin to a statute of limitations, mandates dismissal of a Title VII claim if a plaintiff files the claim before receiving a right to sue notice. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. 2007) (unpublished) (plaintiff may not proceed with Title VII claim because he neither received a right to sue letter nor submitted evidence indicating that he requested a right to sue letter); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Without first affording the EEOC an opportunity to review and conciliate the dispute, a plaintiff may not seek relief in federal court for his Title VII claim. *Burgh*, 251 F.3d at 470.

The administrative prerequisites as provided in 42 U.S.C. § 2005e-5, require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination, in Delaware the DDOL. *See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court. *See* 42 U.S.C. § 2000e-

4

5(f)(1). Section 2000e-5(f)(1) requires that claims brought under Title VII be filed within ninety days of the claimant's receipt of the EEOC right to sue letter.

Here, Bowers has not alleged, nor provided any evidence, that he received a right to sue letter from the DDOL. Rather, Bowers concedes in his answering brief that his claims under 19 *Del. C.* § 711 must be dismissed. As such, Bowers' claims under Delaware's antidiscrimination statute, 19 *Del. C.* § 711, shall be dismissed.

**B. Failure to Name a Defendant other than the Wilmington Police Department**

The City of Wilmington argues that Bowers' complaint should be dismissed because it alleges claims against the Wilmington Police Department, which is not a juridical entity that is subject to suit. (D.I. 10 at 5.) The City of Wilmington asserts that Bowers' claims are brought exclusively against the police department. (*Id.*)

In his answering brief, Bowers acknowledges the City of Wilmington's argument and readily agrees with the case law that is cited in their motion. (D.I. 9 at 1.) Bowers argues instead that he did not bring claims singularly against the police department, but rather against the City of Wilmington as a municipality. (*Id.*) In his answering brief to the City's motion to dismiss, Bowers points to his complaint to support the proposition that he intended to bring his claims against the City of Wilmington. (D.I. 1 at 2.) In his complaint, Bowers identifies the defendant as "City of Wilmington, Department of Police ("WPD")," but goes on to make reference to the defendant as a "municipality with the State of Delaware" with "more than 500 employees." (*Id.*) Paragraph four of the complaint lists the defendant as, "City of Wilmington, Department of Police ("WPD"), is a municipality within the State of Delaware." (*Id.*) Further, the complaint alleges that "the City has demonstrated preferential treatment for White Detectives" and that "the City" was the actor which caused him injuries. (*Id.* at 3.)

5

Bowers is entitled to all reasonable inferences in drafting his complaint and the facts that it alleges. While the section of Bowers' complaint containing the parties to the suit is slightly ambiguous, the complaint must be read to the benefit of the Bowers. As a result, the court finds that Bowers has met his burden to plead this cause of action against the City of Wilmington.

### C. Failure to show that 42 U.S.C. § 1981 Applies to State Actors

Next, the City of Wilmington argues that dismissal is proper because Bowers' claim of § 1981 does not apply to state actors. (D.I. 10 at 6.) The City of Wilmington stresses that § 1983 is the "exclusive federal damages remedy" for violations by a state actor. (D.I. 6 at 12.) Further, the City of Wilmington states that even if there is a damages remedy under § 1981, the complaint should still be dismissed because Bowers failed to allege any policy or custom of the City that lead to his injuries. (*Id.*)

Bowers rejects the City's argument and states that he did in fact present a claim under § 1983. (D.I. 9 at 3.) Bowers points to page one of his complaint where he acknowledges that his claims are brought through 42 U.S.C. § 1983. (*Id.*) Further, Bowers claims that he did allege a policy or custom when he pointed to the City's history of assigning White Detectives to the Detective Division upon their completion of special assignments. (*Id.*)

Bowers is entitled to all reasonable inferences arising from his complaint. *Phillips*, 515 F.3d at 233. For purposes of the instant motion, the court must "liberally construe" Bowers' complaint to assess whether a colorable claim exists. *See Haines*, 404 U.S. at 520. While Bowers does not always make it clear that his claims are brought under § 1983 rather than § 1981, he has acknowledged it briefly in his original complaint and addressed it more carefully in his reply brief to the City of Wilmington's motion. (*See* D.I. 1 at 1; D.I. 9 at 2.) Further, Bowers' complaint does appear to cite a history of discriminatory behavior. Bowers points to certain events that could

6

lead a factfinder to assign the relief he requests in his complaint. While Bowers does not outline his complaint in the most artful manner of a trained attorney, his complaint will be treated with the appropriate level of deference. The court finds that at this time it is not "beyond doubt" that Bowers is incapable of showing a policy or practice of discrimination existed. As such, the court finds that Bowers has met the necessary pleading standard for this claim.

## V. CONCLUSION

For the reasons stated above, the court will grant the City of Wilmington's motion to dismiss regarding 19 *Del. C.* § 711 and deny the City of Wilmington's motion to dismiss regarding Bowers' § 1983 claims. Bowers is granted leave to file an amended complaint.

Dated: September 29, 2014

UNITED STATES DISTRICT JUDGE